UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUSTIN EDWARD LEWIS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RYAN PUGH,<br><br>　　　　　　　　Defendant. | CASE NO. C17-5227 RJB-KLS<br><br>ORDER REGARDING REQUEST FOR ISSUANCE OF SUBPOENA |

On April 4, 2017, the Court received Plaintiff Justin Edward Lewis' subpoena duces tecum addressed to the "Department of Corrections Shelton Prison," requesting production of "All DVR camera record of R6 Big Yard on December 25, 2016." Dkt. 6. The Court declines to issue the subpoena at this time because it is premature. The Court directed service of plaintiff's civil rights complaint on March 29, 2017 (Dkt. 5), but the time for defendant to answer the complaint has not yet passed. This is a discovery request that plaintiff should serve on the defendant pursuant to the Federal Rules of Civil Procedure governing the production of documents after the defendant has been served with the complaint.

Although the defendant may not have possession, custody, or control of the documents requested, a "party may be ordered to produce a document in the possession of a non-party entity

ORDER REGARDING SUBPOENA - 1

if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *See e.g., Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D.Cal.1995) (citing *Buckley v. Vidal*, 50 F.R.D. 271, 274 (S.D.N.Y.1970)). Although the Department of Corrections is not a party to this action, it is the Court's experience that a defendant employed by the Department can generally obtain documents by simply requesting them from his/her employer. If defendant objects to plaintiff's discovery request on the grounds that he does not have possession, custody, or control of the documents in question, the defendant must set forth facts that persuasively demonstrate why he does not have access to the documents requested.

The Court does not involve itself in the parties' discovery efforts unless a dispute arises over production of the information requested. If it becomes necessary to file a motion to compel production of the information requested, plaintiff is referred to Fed. R. Civ. P. 37 and LCR 37(a)(1), which require that the parties first meet and confer with each other in an effort to resolve the dispute without court action.

**DATED** this 14th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge