UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN E. LEWIS,

                Plaintiff,

    v.

RYAN PUGH,

                Defendants.

Case No. 3:17-cv-05227-MJP-TLF

REPORT AND RECOMMENDATION

Noted for January 12, 2018

      This matter has been referred to the undersigned Magistrate Judge, and is before the Court on defendant's motion to dismiss plaintiff's civil rights complaint with prejudice under Federal Rule of Civil Procedure ("FRCP") 41(b). Dkt. 18; *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court deny defendants' motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff filed his civil rights complaint in March 2017. Dkt. 1. At that time, plaintiff was an inmate at the Monroe Correctional Complex ("MCC"), located in Monroe, Washington. *Id.* On May 30, 2017, the Court issued its mandatory pretrial discovery and scheduling order, setting a discovery deadline of September 29, 2017, with initial disclosures due on July 30 2017. Dkt. 12. Sometime in July 2017, plaintiff was released from prison to the Olympia area. Dkt. 18, p. 2.

      According to defendant, "[o]n or about July 21, 2017, plaintiff failed to report as he was directed to his assigned corrections office," and as of the filing of defendant's motion to dismiss

on July 27, 2017, plaintiff still had not reported and his whereabouts were unknown. *Id.* Plaintiff also apparently travelled outside the Thurston County area, and the Department of Corrections ("DOC") obtained "a Secretary's warrant" directing law enforcement officials to take him into custody. *Id.*

On August 25, 2017, finding defendant's motion to be premature given that it had not yet been 60 days since plaintiff's apparent change of address, the Court re-noted defendant's motion to dismiss to September 29, 2017. Dkt. 23; Local Rule LCR 41(b)(2). On August 30, 2017, the Court was notified by MCC staff that plaintiff had been transferred to the Kitsap County Jail, with an estimated release date of October 6, 2018. Dkt. 24.

On September 21, 2017, plaintiff filed a response to defendant's motion to dismiss, claiming the DOC did not release him to his county of origin, Kitsap County. Dkt. 27. Plaintiff states he went back to Kitsap County, to his home, because he "had no phone no where [sic] to go and no help." *Id.*

DISCUSSION

Defendant argues plaintiff's "absence" was "obviously intentional" and "part of a larger problem: his absconding from [DOC] supervision" and "fleeing to another part of the state where he is not approved to go." Dkt. 18, p. 4. Defendant further argues plaintiff has not explained why he did not notify the Court of his change of address when he was transferred out of prison in July 2017, or why he has not served defense counsel with his initial disclosures. Dkt. 28.

Defendant asserts plaintiff "has violated the order of this Court by not providing a current address, leaving it without any option but to dismiss this action." Dkt. 18, p. 4. Defendant also asserts plaintiff's absence prejudices defendant, "who, under an already limited pretrial schedule, now lacks a reliable location, regarding where to direct motions or discovery, including a motion

REPORT AND RECOMMENDATION - 2

1  for summary judgment." *Id.* Defendant requests that if the Court does not dismiss this matter for

2  failure to prosecute, it should issue an amended scheduling order "with additional warnings"

3  directed to plaintiff. Dkt. 28, p. 2. The undersigned finds the latter option is the most appropriate

4  course of action to take.

5  FRCP 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these

6  rules or rules or a court order, a defendant may move to dismiss the action or any claim against

7  it." In deciding whether granting a motion to dismiss under FRCP 41(b) is warranted, the Court

8  must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation;

9  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the

10  public policy favoring disposition of cases on their merits and (5) the availability of less drastic

11  sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v.*

12  *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

13  The undersigned recognizes the public's interest in the expeditious resolution of litigation

14  and the Court's need to manage its docket, and certainly when one party fails to comply with the

15  Court's orders regarding discovery or keep the Court apprised of its current address, that failure

16  does not advance those interests. As noted above, however, the Court was apprised of plaintiff's

17  change of address shortly after it issued the order re-noting defendant's motion. In addition, the

18  public's interest in an expeditious resolution and the Court's docket management needs must be

19  weighed against the public policy favoring disposition of cases on their merits.

20  And as defendant points out, dismissal is a harsh sanction that should be "authorized only

21  in 'extreme circumstances.'" *United States for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu*

22  *Const. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) (quoting *Fjelstad v. American Honda Motor*

23  *Co., Inc.*, 762 F.2d 1334, 1338 (9th Cir. 1985)). Here, there is a much less drastic alternative to

24

25

REPORT AND RECOMMENDATION - 3

outright dismissal -- an amended scheduling order with additional warnings to plaintiff regarding his obligations to comply with the Court's orders and prosecute this matter in a timely fashion. Finally, defendants do not allege or show that they would be prejudiced by the issuance of an amended scheduling order containing new discovery cut-off and dispositive motions deadlines, which shall be issued separately from this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY defendant's motion to dismiss. Dkt. 18.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 12, 2018**, as noted in the caption.

Dated this 22nd day of December, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge