The Honorable Marsha J. Pechman
The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN E. LEWIS,

    Plaintiff,

v.

RYAN PUGH,

    Defendant.

NO. 3:17-cv-5227-MJP-TLF

LCR 37(a)(2) EXPEDITED JOINT MOTION REGARDING DISCOVERY

NOTE ON MOTION CALENDAR:
August 19, 2019

## I. DEFENDANT'S INTRODUCTORY STATEMENT

Pursuant to Fed. R. Civ. P. 26(c), Defendants move for a protective order exempting the production of use of force policies that were and are in effect at the prison and exempting production of video surveillance footage from fixed camera emplacements within the prison.

The policies and related training materials have been produced with redactions. A privilege log sets out the documents that are involved. The Declaration of Assistant Director Herzog of the Department of Corrections authenticates the redacted policies and materials.

The production of video footage was addressed with the Court and Mr. Lewis at the time of the Declaration of Steven DeMars (dkt. no. 53, redacted) and the defendant now offers additional argument about why further inquiry into the video surveillance should not be had.

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Producing to the plaintiff, an active inmate, such policies and related materials or further information about the video surveillance system could seriously compromise prison security. *See Florer v. Schrum*, 2012 WL 2995071 (W.D. Wash. July 23, 2012). Accordingly, Defendants ask the Court to issue a protective order precluding production. At a minimum, the Court should review the materials in camera before ordering any production to satisfy itself as to the relevance of the materials. Only after that should the Court consider production, setting appropriate terms and conditions to prevent secondary disclosure.

## II.     PLAINTIFF'S INTRODUCTORY STATEMENT

The Plaintiff seeks production of the absolute minimum information necessary to pursue his claim. This is not a public records request, and the arguments by the Defendant about potential future security concerns pale in comparison to the actual question in this case—whether Officer Ryan Pugh violated Mr. Lewis's constitutional rights by striking him in the face while he was handcuffed behind his back. It is impossible to answer this question without further understanding of the Department of Corrections' Use of Force Policies, including whether the type of force used by Defendant is ever acceptable and in what situations.

Further, Plaintiff deserves a full and fair opportunity to examine whether stationary video surveillance devices recorded the incident—taking the word of Department employees is not enough. Plaintiff deserves an opportunity to ask questions about whether stationary video surveillance could have viewed the incident but were not recording at that time, why they were not recording if that is the case, and whether it is possible a Department employee witnessed the incident live on video that was not recorded. These questions are necessary to investigate whether Department staff could be covering for Officer Pugh, whether video evidence may have been spoliated, whether procedures governing the surveillance of the area in question were ignored.

Plaintiff also seeks an Order allowing questions of deponents along these lines. For instance, to ask any officers present during the incident whether they received training in the

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1  type of force used against Plaintiff and whether it is considered an acceptable use of force in this
2  situation by department policies.
3      To avoid a lengthy in camera review by the Court, Plaintiff is offering to view the
4  documents and video as Attorneys' Eyes Only at a time and location of Defendant's choosing.
5  Plaintiffs' attorneys will identify specific documents necessary for argument and agree to keep
6  them strictly confidential, filing any pleadings that cite to confidential information in a sealed
7  format. Plaintiff respectfully requests this Court to issue an Order on these terms.

### III.   DISPUTED DISCOVERY

The court is familiar with the details of the incident in question. The case involves Officer Pugh's use of force on one occasion at Washington Corrections Center in Shelton, Washington (see dkt nos. 61 and 65). The discovery dispute arises from the defendant withholding use of force policies, related materials, and information about video surveillance emplacements under claim of privilege for security. The privilege log that accompanied the initial disclosures of the defendant Ryan Pugh included these items and claims of privilege:

|  | **DOC POLICY 410.200, USE OF FORCE** |  |
|---|---|---|
| 00700001-26 | DOC restricted policy 410.200, Use of Force, revision date 6-23-14. DOC security information redacted. | RCW 42.56.240(1) |
|  | **WCC OPERATIONAL MEMO, USE OF FORCE** |  |
| 00800001-27 | Washington Corrections Center Operational Memorandum, WCC 410.200, Use of Force, rev1s10n date 6-24-16. DOC security information redacted. | RCW 42.56.240(1) |
|  | **CONTROL TACTICS TRAINING MATERIALS** |  |
| 01400001-3 | 2016 Control Tactics Practical Testing quiz sheet. Test areas and DOC security information redacted. | RCW 42.56.240(1)<br>RCW 42.56.250(1) |
| 01400004-7 | DT Written Test key. Test questions and answers redacted. | RCW 42.56.240(1)<br>RCW 42.56.250(1) |
| 01400008-11 | DT Written Test form. Test questions redacted. | RCW 42.56.240(1)<br>RCW 42.56.250(1) |

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

| 01400012-141 | Defense Tactics Manual 2016. DOC security information redacted; officers' photos redacted. | RCW 42.56.240(1) RCW 42.56.250(9) |
|---|---|---|
| 01400142-146 | Prisons Division In-service Control Tactics 2016 training synopsis. DOC security information redacted. | RCW 42.56.240(1) |

In addition, fixed camera video footage (not showing the incident; not from the day of the incident but from the camera that would have been involved if it had been aimed toward the scene that day) has been withheld. The declaration of DeMars (dkt. no. 53) addresses the existence of this camera, and the fact that it does not show anything related to the incident involving Mr. Lewis.

### IV.   DEFENDANT'S ARGUMENT

A.   USE OF FORCE POLICIES AND RELATED MATERIALS

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the Court may deny or limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c); *see also GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285–86 (S.D. Cal. 2000). To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. The moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The United States District Court for the Eastern District of Washington has indicated its willingness to apply the cited RCW § 42.56.240(1)'s exemption to civil discovery requests where the information sought is "essential to effective law enforcement." *Hinkley v. Jessee*, 2015 WL 13333944 at *4, n.2. (E.D. Wash. October 7, 2015). The Declaration of Robert Herzog, submitted herewith, establishes this fact clearly with reasons both with regard to the issues of use of force policies and training, as well as information about the video surveillance system.

LCR 37(a)(2) EXPEDITED JOINT MOTION REGARDING DISCOVERY NO. 3:17-cv-5227-MJP-TLF

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

In addition, "Federal common law recognizes an 'official information' privilege that extends to the security considerations applicable to correctional facilities." *Whitington v. Sokol*, 2008 WL 435277, at * 1 (D.Colo. Feb. 14, 2008) (citing *Jackson v. Brinker*, 147 F.R.D. 189, 202 (S.D.Ind.1993) (acknowledging the judicial deference due to prison managers in matters of institutional management); *Thornburg v. Abbott*, 490 U.S. 401, 415 (1989) (stating that the legitimacy of the goal of protecting prison security is "beyond question"); *Toussaint v. McCarthy*, 801 F.2d 1080, 1104 (9th Cir.1986) ("Courts must accord wide-ranging deference to prison administration 'in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security'")).

"It should be noted, however, that the official information privilege is not absolute. In determining what level of protection should be afforded by this privilege, courts conduct a case by case analysis, in which the interests of the party seeking discovery are weighed against the interests of the government entity asserting the privilege." *Whitington* at *1–2 (citing *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D.Cal.1995)). The *Whitington* court cited with approval *Castle v. Jallah,* 142 F.R.D. 618, 622 (E.D.Va. 1992). In that case, an inmate plaintiff also alleged excessive use of force. The Court held that disclosure of confidential department operating policies would jeopardize the security of the institution. That is the same result the Court should reach after applying the appropriate rationale from the cases. The Court should bar production of these sensitive policies and training materials.

The information contained in the redacted portions of the policy contain information that, if disclosed, would compromise the safety and security of the staff of the Department of Corrections, as well as the safety of those individuals placed under DOC supervision. Should an un-redacted copy of the policy make its way into the hands of inmates or offenders under DOC supervision, it is foreseeable that attempts to use the policy against a DOC officer which would result in standoffs and "pushing the line" under the policy. This would result in more danger to

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

DOC officers as well as to the offenders trying to use the policy in an offensive manner. The need for confidentiality of these redacted portions for security reasons outweighs the need for disclosure pursuant to the Federal common law "Official Information Privilege." *See* declaration of Herzog, ¶¶ 3-4, 8-10.

Good cause therefore exists under Fed.R.Civ.P. 26(c) to limit production of this restricted policy. *See, e.g., Fourhorn v. City and County of Denver*, 261 F.R.D. 564 (D. Colo. 2009) (court issued a protective order which prohibited dissemination of jail policies and security information noting ample case law addressing issued related to jail or prison security and safety).

For these reasons, the un-redacted policy and related materials on Use of Force should not be released to plaintiff. However, should the Court decide to inquire further, an *in camera* review should take place. Only after the court satisfies itself that the material is relevant should it consider production.

**B.     VIDEO SURVEILLANCE INFORMATION**

The Defendant has produced hand held video taken at the time of the incident. The Declaration of Steven DeMars established that no other video existed of the incident. That declaration however was redacted to eliminate sensitive information. *See,* docket no. 53.

The issue of the video surveillance system is addressed in detail in the Declaration of Robert Herzog and the rationale for invoking the security privilege is explained. *See* Declaration of Herzog, ¶¶ 10-17. This is not a situation where the inmates know the camera locations. The uncertainty and highly confidential nature of that information is explained by Assistant Director Herzog in his declaration. *Id.*

In *Florer v. Schrum,* this Court was confronted with an identical discovery request from an inmate who likewise had sued DOC in connection with an alleged prison assault. 2012 WL 2995071 (W.D. Wash. July 23, 2012). There, despite the fact that it had previously ordered

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

production,[1] the Court concluded that in light of the serious institutional security concerns raised by DOC, production should occur only under significant limitations as specified in its protective order. *Id*.

Since *Florer v. Schrum*, Washington courts have spoken on a number of occasions regarding the production of prison surveillance video. In *Gronquist v. Dep't of Corr.*, 177 Wn. App. 389, 400-401, 313 P.3d 416 (2013), Washington's Court of Appeals held that footage captured by DOC surveillance systems falls "squarely within" the definition of "specific intelligence information" compiled by a penology agency and was thus exempt from disclosure under RCW § 42.56.240(1). Despite the broad disclosure mandate under Washington's Public Records Act, the court held that nondisclosure was "essential to effective law enforcement" and denied production. *Id*. (citing *Fischer v. Dep't of Corr.*, 160 Wn. App. 722, 727-28, 254 P.3d 824 (2011)). While the plaintiff may argue that DOC's concerns can be ameliorated by producing the footage to his counsel, Washington courts have been equally unreceptive to that argument. *See Gaston v. Dep't of Corr.*, 4 Wn. App. 2d 1057, 2018 WL 3548392 (2018).

## V. CONCLUSION

The Court should enter a protective order and bar further production of any policies or materials related to training in the use of force. The Court should end the inquiry into the video surveillance system in this case.

In any event, the Court should not release the un-redacted policy to plaintiff directly. Instead, if the court is so inclined, an in camera review should take place. If production is required, the State requests that the policy be released under a protective order and that the policy only be released to plaintiff's counsel. Plaintiff, or any other member of the general public, should not be given a copy of the un-redacted policy. If filed with the court, the policy should

---

[1] The Court in *Florer* had already ordered production because DOC had previously failed to meet its burden of establishing the sensitive nature of the video requested in response to the plaintiff's prior motion to compel. *Florer v. Schrum*, 2012 WL 925968 at *2-3 (W.D. Wash. March 19, 2012). Here the declaration of Herzog establishes the requisite sensitivity for a protective order.

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

be filed under seal. At the conclusion of litigation, any copies of the policy in possession of Plaintiff's counsel should be returned to the Department of Corrections or be destroyed.

## VI.   PLAINTIFF'S ARGUMENT

The information sought is essential for the Plaintiff to argue the merits of his claim. Without this information, the Plaintiff has no context for the Defendant's conduct or making the case that the Defendant's conduct was objectively unreasonable.

> [T]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. This analysis requires balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake to determine whether the use of force was objectively reasonable under the circumstances. Among the factors considered are the need for, and the severity of, the force applied.

*Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (citations omitted). The Plaintiff cannot make this argument in a void. The "facts and circumstances confronting" an officer are heavily influenced by the information sought by Plaintiff.

"Under the liberal discovery principles of the Federal Rules defendants [are] required to carry a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The Defendant cannot meet this heavy burden in the instant case. Federal Rule of Civil Procedure 26(c)(1) gives the Court broad powers to craft a Protective Order to suit the needs of the case, including (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; and (E) designating the persons who may be present while the discovery is conducted. This includes the production of materials as "Attorneys' Eyes Only" or having the Court conduct an in camera review for relevant evidence.

**A.   Defendant Should Produce the Use of Force Policies Unredacted.**

To argue Defendant's actions were objectively unreasonable, Plaintiff must present a case with knowledge of the force options available to Defendant, whether the type of force applied in this case is authorized at all, and if so, at what time. "The first factor in determining

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

whether the force used was excessive is the severity of the force applied." *Tekle v. United States*, 511 F.3d 839, 844 (9th Cir. 2007). Plaintiff has no context for assessing the severity of the force applied because the Defendant has not produced the necessary information.

Officer Pugh stated in his Declaration that he "applied a single impendance strike, a right elbow to the left cheek of Mr. Lewis' face" to protect himself. (dkt. no. 46, pg. 3). Defendant produced a document labeled "00700001_26_410200 06-23-14 REDACTED", which purports to contain the use of force policies of the State of Washington Department of Corrections in the setting of a prison. However, in the section titled "The following are the available force options . . .", the options are redacted. *Id.* at 00700004. For this reason, there is no way for Plaintiff to know whether the Defendant's elbow impendance strike is an authorized use of force, let alone a severe one. Further, the sections of the policy titled "Passive Resistance Response", "Active Resistance Response", "Intermediate force options include", and "Force Options Guidelines" all appear to contain lists of when certain types of force are authorized and are all similarly redacted. Without this information, the Plaintiff cannot argue that the severity of the force applied was great or small because there is no basis for comparison. The remaining discovery sought contains similar information.

Without this knowledge and context, Defendant can maintain that his use of force was objectively reasonable and intimate that nothing out of the ordinary occurred here based on the "facts and circumstances." Withholding this information places an unnecessary burden on the Plaintiff to recreate for a jury this comprehensive panoply of action and reaction. Especially when the Plaintiff is an inmate, this burden is prohibitive.

Plaintiff also seeks an Order from the Court directing Department employees or former employees to answer questions at deposition that might reveal information contained within these policies. Plaintiff desires to ask Defendant whether an elbow to the face of an inmate was an authorized use of force, without objections. As far as the Defendant's arguments against

LCR 37(a)(2) EXPEDITED JOINT  
MOTION REGARDING DISCOVERY  
NO. 3:17-cv-5227-MJP-TLF

9

ATTORNEY GENERAL OF WASHINGTON  
Torts Division  
7141 Cleanwater Drive SW  
PO Box 40126  
Olympia, WA 98504-0126  
(360) 586-6300

disclosure, the limited security risk posed by answering such limited questions about these policies weighs heavily in favor of allowing these questions to be answered.

This case involves a constitutional claim that Defendant violated Plaintiff's constitutional rights by using excessive force. The Plaintiff deserves to know what guidelines the Defendant followed, or did not follow, for using force on Plaintiff.

**B.   Defendant Should Answer Questions About and Produce Video Surveillance.**

In pursing this claim, Plaintiff wishes to determine whether video surveillance exists, was later hidden, destroyed, intentionally prevented, or whether there could be witnesses to live video footage that was not recorded. The Defendant asserted privilege to every question intended to pursue these inquiries in Defendant's Response to Plaintiff's First Set of Interrogatories and Requests for Production, Interrogatories No. 18 through 21.

The Plaintiff cannot simply take the word of Defendant's coworkers that there is no video footage. It is also difficult to understand how a critical area such as the yard is not monitored by video surveillance at all times (dkt. no. 46, pg. 2). Without answers to whether the area was monitored, but not recorded, or whether there are nearby cameras that were simply out of range, the Plaintiff cannot be satisfied that no video footage exists or should exist but was spoliated. These are not delusional theories so outside the realm of possibility that the Plaintiff should be denied an opportunity to pursue them. They are reasonable inquiries when compared with the gravity of the potential harm. The Government's interest is not so important as to evade all reasonable inquiry into the excessive use of force of its Officers.

Defendant's citation to *Gaston v. State Dep't of Corrections*, 4 Wn. App. 2d 1057 (2018) does not have any bearing in this instance. This is not a case involving an inmate, current or former, pursuing a Public Records Act claim. This is a civil rights claim, granting the Court the full powers of the Rules of Civil Procedure to craft discovery orders. Neither is Plaintiff seeking discovery "of the full recording capabilities of those systems" that Washington courts have deemed "critical to [the Department's] effectiveness in the specific setting of a prison." *Id*. (citing

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

*Fischer v. Washington State Dep't of Corrections*, 160 Wn. App. 722, 728, 254 P.3d 824 (2011)). Plaintiff's questions are intended to answer only those concerns related to resolving his claim.

The Defendant's claims are belied by Plaintiff's willingness to restrict disclosure to Plaintiff's attorneys at a time and place of Defendant's choosing. Similarly, answering questions in deposition about these matters, if the contents are kept sealed, has little if any potential to compromise prison security.

## VII.   PLAINTIFFS' CONCLUSION

There is every reason available to allow Plaintiff to pursue this claim and every opportunity to protect sensitive information at the same time. Plaintiff respectfully requests the Court to Order Defendant to produce the use of force policies and materials listed above in unredacted form. If necessary, Plaintiff is willing to view these policies, along with video records, at a time and place of Defendant's choosing.

Plaintiff further asks the Court to direct Defendant, and witnesses supplied by Defendant, to answer questions at deposition related to the subjects of this discovery dispute, including use of force policies and video surveillance locations and certain capabilities specified in Plaintiff's First Set of Interrogatories and Requests for Production, Interrogatories No. 18 through 21. Defendant should also be required to answer these Interrogatories.

DATED: August 19, 2019.

By____/s/Dan N Fiorito III_____,
Dan N Fiorito III, WSBA #34009
The Law Office of Dan Fiorito III
844 NW 48th St.
Seattle, WA 98107
dan@danfiorito.com
Counsel for Plaintiff, Justin E. Lewis.

LCR 37(a)(2) EXPEDITED JOINT MOTION REGARDING DISCOVERY NO. 3:17-cv-5227-MJP-TLF

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

& By ___/s/Dean Williams___
Dean Williams, WSBA #52901
JOHNS MONROE MITSUNAGA
KOLOUŠKOVÁ, PLLC
11201 SE 8th St. Suite 120
Bellevue, WA 98004
Williams@jmmlaw.com
Counsel for Plaintiff, Justin E. Lewis.

## CERTIFICATION

I certify that the full response by the responding party has been included in this submission, and that prior to making this submission the parties conferred to attempt to resolve this discovery dispute in accordance with LCR 37(a).

DATED: August 19, 2019

ROBERT W. FERGUSON
Attorney General

*s/ Christopher Clay*
CHRISTOPHER CLAY, WSBA No. 30677
Assistant Attorney General
Office of the Attorney General
PO Box 40126
Olympia WA 98504-0126
Telephone: (360) 586-6300
Chris.Clay@atg.wa.gov
Attorneys for Defendant

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

12

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

# CERTIFICATE OF SERVICE

I hereby declare that on this 19th day of August, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Attorneys for Plaintiff:*

Dan N. Fiorito, III
The Law Office of Dan N. Fiorito, III
844 NW 48th Street
Seattle, WA 98107
dan@danfiorito.com

Dean Williams
Johns Monroe Mitsunaga Kolouskova, PLLC
11201 SE 8th St. Suite 120
Bellevue, WA 98004
williams@jmmlaw.com

DATED this 19th day of August, 2019.

ROBERT W. FERGUSON
Attorney General

*/s/ Christopher Clay*
CHRISTOPHER CLAY, WSBA No. 30677
Assistant Attorney General
Office of the Attorney General
Torts Division
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6428
Chris.Clay@ATG.WA.GOV
Attorneys for Defendant

LCR 37(a)(2) EXPEDITED JOINT
MOTION REGARDING DISCOVERY
NO. 3:17-cv-5227-MJP-TLF

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300