UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN EDWARD LEWIS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>RYAN PUGH,<br><br>　　　　　　　Defendant. | CASE NO. C17-5227 MJP<br><br>ORDER ON CIVIL RULE 37 SUBMISSION |

THIS MATTER comes before the Court upon the Parties' Expedited Joint Motion Regarding Discovery. (Dkt. No. 75.) Having considered the Motion and all related papers, the Court GRANTS Plaintiff's Motion and ORDERS Defendant to produce the items described below.

The Parties have each submitted briefing describing their respective positions in accordance with Local Civil Rule 37. (Dkt. No. 75.) Plaintiff is seeking unredacted Department of Corrections Use of Force Policies, video surveillance related to Defendant's use of force on Plaintiff, answers to interrogatories and deposition questions propounded to Defendant, and

ORDER ON CIVIL RULE 37 SUBMISSION - 1

1  responses to questions propounded to DOC employees about the video surveillance.  (Id. at

2  8-11.)  Plaintiff asserts that these materials are essential to his civil rights claim, which requires

3  him to demonstrate to a jury that Defendant's use of force was objectively unreasonable given

4  the facts and circumstances confronting Defendant.  (Id. at 8.)

5        Defendant asserts privileges over the Department's Use of Force Policies and related

6  documents based on certain exemptions to Washington's Public Records Act, RCW 42.56, and

7  argues that producing these items "would jeopardize the security of the institution," allowing

8  inmates who learn the contents to "push[] the line."  (Id. at 3-5.)  Defendant also asserts that

9  there is no relevant video surveillance based on the redacted declaration of Steven E. DeMars,

10 the Chief Investigation Officer at Washington Corrections Center.  (Dkt. No. 75 at 4; Dkt. No. 53

11 ("DeMars Decl.")

12       The Court finds that because Plaintiff has offered to restrict disclosure of the requested

13 materials to Plaintiff's attorneys (Id. at 11), Plaintiff is seeking these documents in discovery, not

14 pursuant to a public records request, and confidentiality can be made a condition of disclosure,

15 Defendant's arguments about the possible risks arising from broad disclosure are unpersuasive.

16 Further, Defendant's reliance on the heavily redacted DeMars Declaration fails to satisfy his

17 "burden of clarifying, explaining, and supporting [his] objections," Cable & Computer Tech.,

18 Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997), especially where Mr.

19 DeMars appears to concede that one of the cameras monitoring the yard has the capacity to

20 document detailed images.  (DeMars Decl. ¶ 4.)  If video footage of the incident has been

21 destroyed, or never existed because the cameras were not monitoring the yard, understanding

22 why is likely relevant to Plaintiff's case or future discovery motions.

23

24

Accordingly, the Court ORDERS Defendant to produce the items listed below under the following conditions: (1) The items are to be reviewed by Plaintiff's <u>attorneys' eyes only</u> at a time and location of Defendant's choosing; (2) Plaintiff's attorneys shall identify and alert Defendant's counsel to any documents that they intend to copy; (3) the documents will not be distributed; (4) Plaintiff's attorneys will agree to keep these items and anything learned therein confidential; (5) the documents will be filed under seal when used in support of any arguments before the Court; (6) at the conclusion of litigation, any copies of the items in the possession of Plaintiff's counsel will be returned to the Department of Corrections or destroyed; and (7) should Plaintiff's counsel determine that Plaintiff needs to review any of these materials, counsel may show these items to Plaintiff only with leave of the Court.

**1. Use of Force Policies and Related Materials**[1]

| Identification no. | **Title of Document** |
| --- | --- |
| 00700001-26 | DOC restricted policy 410.200, Use of Force, Revision date 6-23-14. |
| 00800001-27 | Washington Corrections Center Operational Memorandum, WCC 410.200, Use of Force, revision date 6-24-16. |
| 01400001-3 | 2016 Control Tactics Practical Testing quiz sheet. |
| 01400004-7 | DT Written Test key. |
| 01400008-11 | DT Written Test form. |
| 01400012-141 | Defense Tactics Manual 2016. <u>Officers' photos redacted</u>. |
| 01400142-146 | Prisons Division In-service Control Tactics 2016 training synopsis. |

**2. Interrogatories, Video Surveillance, and Deposition Questions**

Defendant is also ordered to provide answers to Plaintiff's Interrogatories, Numbers 18 through 21, answer deposition questions on the Use of Force Policies, location of surveillance

---

[1] Documents are to be produced unredacted unless otherwise noted.

1  cameras, and whether video surveillance was recording at the time of the incident or shown on
2  the monitor on campus, and to provide any video surveillance that is broadly responsive to
3  Plaintiff's Request for Production. These items will all be viewed subject to the conditions listed
4  above. While the status of depositions—including whether third party subpoenas have been
5  issued—remains unclear from Plaintiff's briefing, should Plaintiff decide to issue subpoenas to
6  Department employees or former employees, those third parties must answer deposition
7  questions in accordance with the discussion above.

   The clerk is ordered to provide copies of this order to all counsel.

   Dated August 23, 2019.

                                          _____
                                          Marsha J. Pechman
                                          United States District Judge